Original

# IN THE U.S DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL W. HILL, Pro se, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-160 (Erie) |
| | ) | Judge McLaughlin |
| JOHN J. LAMANNA, | ) | Magistrate Judge Lenihan |
| | ) | |
| Respondent. | ) | |
| | ) | |

## PETITIONER'S TRAVERSE TO JAMES SHERMAN'S
## RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS

And now, comes Michael W. Hill, pro se, ("hereinafter Petitioner") pursuant to 28 U.S.C. §2248, and for his traverse to the Respondents' reply to the Petition For Habeas Corpus, states the following:

## FACTUAL BACKGROUND

Petitioner submits the facts as listed in the initial §2241 petition "statement of facts" and as listed in the Respondents' pending response to the Petition For Writ of Habeas Corpus are accurate and therefore are maintained here by reference. Please see Respondents' factual background. For this reason Petitioner will not take up the court's time with the needless redundance of reciting a factual background.

## THE ACKNOWLEDGEMENT IN THE RESPONDENT'S
## FACTUAL BACKGROUND CONCEDES THE ISSUE ON REMAND

In August 1994, Petitioner was arrested for murder and taken into custody where thereafter he plead guilty to manslaughter

and was sentenced on September 13, 1995, to 7-21 years imprisonment.
At the time of Petitioner's August 1994 arrest and his subsequent
September 13, 1995 sentencing, the D.C. Parole 1987 Guidelines
were in effect (from 1987 to 1998) **See Respondent's reply at
p. #5.** The 1987 Guidelines required the calculation of a "total
point score" based on a prisoner's salient factor score and additional
points for risk posed to the community. The "total point score"
indicated the risk level that a prisoner presented. If the total
point score was 2 or less at the initial hearing, the prisoner
would ordinarily be granted parole. If the total point score
was 3 or more at the initial hearing, parole would ordinarily
be denied and the prisoner would be continued for a rehearing.
At rehhearings, a score of 3 would indicate that parole should
ordinarily be granted. Because points were subtracted from the
total point score at rehearings for positive prison programming,
a well-behaved prisoner with a high total point score ("such
as Petitioner") could work his score down to a 3 after one or
more rehearings. In the case where parole was denied, the ordinary
continuance to a rehearing ("set off") would be one year. **See
Respondent's reply at p. #5.** At Petitioner's initial hearing
under the 1998 guidelines, Petitioner's total point score was
8 and the base point score was 9 requiring that parole be denied
at that time. The rehearing guidleines (e.g. months to rehearing
required that Petitioner serve from 22 months to 28 months before
a rehearing (22-28 months to rehearing) [1]. As is mentioned above

---

1. Petitioner received a set-off of 28 months to rehearing under the 1998
   guidelines. While serving this 28 months to rehearing new guidelines ranges
   were implemented and later applied in retrospect to Petitioner.

and conceded by Respondent, points were subtracted from total
point score at these rehearings under the 1998 guidelines for
positive prison programming and a well behaved prisoner with
a high total point score could work his score down to a parolable
score of 3 after one or more rehearings. Although successive
rehearings would be no guarantee that parole would be granted,
successive rehearings (e.g. the opportunity to obtain parole/frequency
of parole consideration) where nonetheless guaranteed under the
1998 guidelines. This much is admitted and conceded by the Respondent.
While Petitioner was serving his 28 months to rehearing the U.S.
Parole Commission revised the 1998 guidelines and implemented
the 2000 total guideline ranges intended to structure the use
of paroling discretion (taking discretion away) and substantially
reducing the decision maker's authority to allow individual factors
to determine the final outcome in every case. Petitioner submits,
this change was substantial in that it converted what would have
been either a discretionary 18 to 24 months or 12 to 18 months
to rehearing guideline ranges at Petitioner's March 2003 rehearing
into a mandatory/non-discretionary 60 month rehearing guideline
range. Respondent admits and concedes this as well.

The Respondent advises the court, "The total guideline range
is based on the point score calculations contained in the 1998
guidelines." Contrary to this incorrect assertion the 2000 revised
total guideline range system is not based on the point score
calculations contained in the 1998 guidelines. While there are
some elements that the 2000 revised total guideline retained
from the 1998 guidelines such as, the base point score guideline

range, the disciplinary guideline range, and the superior program
achievement award, the addition of "months required to serve
to parole eligibility date," substantially increase the guideline
ranges under the 2000 total guideline range. In other words,
had Petitioner been continued under the 1998 total point score
guideline range where his base point score required that he serve
within 110 to 140 months before release rather than an additional
75 months, "an increase directly contributed to the 2000 total
guideline range revision" Petitioner would have satisfied his
maximum total point score guideline range at 140 months rather
than now having to satisfy the revised total guideline range
of 185 to 217 months. This change dictates that Petitioner serve
longer guideline ranges (e.g. longer period of incarceration)
and therefore as applied retroactively to Petitioner violates
the Ex Post Facto Clause. See Fleming v. Oregon Bd. of Parole,
998 F.2d 721, 724-27 (where an Ex Post Facto violation is sufficiient
if parole statute significantly reduces inmates early release
opportunities, regardless if such opportunities are contingent
on exercise of official discretion); also see, Jones v. Murray,
962 F.2d at 310 (where statute violates the Ex post Facto Clause
principally because it defers parole release of inmate who committed
crimes before the staute's effective date.)

## PETITIONER'S EX POST FACTO CLAIM WAS PROPERLY PLEAD

Respondent alleges that Petitioner has not pled an ex post
facto claim because the 1998 version of C.F.R. §2.80 Petitioner

(4)

seeks to have applied to his case is not the law annexed to his
1995 crime. Respondent implies that this is so because at the
time the offense was committed in 1994 and through the time of
sentencing in 1995, the D.C. Board of Parole 1987 guideline described
in Ellis v. District of Columbia, 84 F.3d 1413, 1415-17 (D.C.
Cir. 1996) were in effect from 1987 to 1998 and therefore annexed
to Petitioner's crime. Contrary to these allegations, the Commission's
1998 revision of the 1987 D.C. Board of Parole Guidelines retained
the basic framework of the D.C. Board's 1987 guidelines. The
parole hearing and decisonmaking process remained essentially
the same as that of the D.C. Board of Parole 1987 guidelines.[2]
Further, the slight modifications brought by the 1998 guidelines
promoted increased fairness and administrative efficiency while
the improved point score system was intended to reduce the potential
for unwarranted disparity that could be produced by the frequent
exercise of unguided discretion. Moreover, the 1998 revision
of the D.C. Board of Parole 1987 guidelines gave increased weight
to institutional performance, both by permitting program achievement
to be balanced against any misconduct during the same period,
and by assigning an additional point to superior program achievement.
The positive institutional achievements under the 1998 guidelines
were advantagious to prisoner's rather than adverse, in that,
they produced significant downward adjustment to the "total point
score" each time a prisoner who has been denied parole appeared

---

2.   The 1998 guidelines provided that parole dates could be set 6 months
     in advance; permitted parole to be granted at rehearings for those who
     worked their score down to 0-3; permitted reduction in minimum sentence;
     permitted medical parole "e.g. early release," and authorized geriatic parole.

for a rehearing. See federal register dated Tuesday July 21,1998,
listing 1998 parole rules/guidelines promulgated by the U.S.
Parole Commission which gives reason for non-offending amendments
to the 1987 guideline. These 1998 guidelines were used at Petitioner's
initial parole hearing on August 2000. In light of the above
reasons the D.C. 1998 guideline revisions did not offend the
Ex Post Facto Clause and therefore Petitioner lacked standing
to challenge them under an Ex Post Facto Clause violation. Petitioner
submit, offense to the Ex Post Facto Clause occurred after the
U.S. Parole Commission adopted the 1987 D.C. guidelines, made
amendments to those guidelines "the 1998 guidelines" amendments
which did not at that time offend the Ex Post Facto Clause, and
then later in November 2000[3] made substantive amendments. "The
total guideline range" that changed the standards for granting
parole, dictated longer periods of incarceration, were non-discre-
tionary, and applied retrospectively to Petitioner at his subsequent
2003 rehearing. The implication by Respondent that Petitioner
did not properly plead an Ex Post Facto claim because the 1998
version of C.F.R. §2.80 Petitioner seeks to have applied to his
case is not the law annexed to his 1995 crime but instead the
1987 D.C. Parole guidelines were must fail here because until
the 2000 revision the 1998 parole guideline changes incorporated
factors that were used to exceed the guidelines on a discretionary

---

3.   The 2000 total guideline range used at Petitioner's March 2003 rehearing
     were not annexed to Petitioner's 1994 crime and 1995 sentencing.

basis. Such discretionary basis do not offend the Ex Post Facto Clause.
See Davis v. Henderson, 652 A.2d 634 (D.C. App 1995), Warren
v. U.S. Parole Commission, 659 F.2d 183 (D.C. Cir. 1981), Inglese
v. U.S. Parole Commission, 768 F.2d 932 (7th Cir. 1985), and
Yamamato v. U.S. Parole Commission, 794 F.2d 1294 (8th Cir. 1986).

## A
## THE ESTABLISHED LAW

Petitioner's claim arises in the context of the retrospective
application of the Commission's 2000 "total guideline range"
enacted after his crime was committed, enacted after Petitioner
was sentenced in 1995, and retrospectively applied to the Petitioner
after having initially applied the 1987/1998 parole guidelines
annexed to his crime. Since the 2000 "total guideline range"
was retrospective in that it attached legal consequences to acts
completed before it's effective date, reduced the opportunity
for Petitioner to obtain parole, reduced the frequency of parole
re-consideration hearings thereby reducing the opportunity to
lower point scores that decide whether parole should be denied
or granted.[4] Petitioner submits, the 2000 "total guideline ranges"
are more onerous  and disadvantageous than the 1987-1998 "total
point score guidelines" and this court should now compare these
parole rules/guidelines in Toto to determine if the 2000 guidelines
may be fairly characterized as more onerous than the 1987-1998
guidelines. Weaver v. Graham, 450 U.S. 24 (1981); Arnold v. Cody, 951 F.2d

---

4    See the Respondents response at p. #5 admitting that under the 1987-
     1998 guidelines, "...a well behaved  prisoner with a high total point
     score could work his score down to a 3 after one or more rehearings."

280 (10th Cir. 1991)(where law causes disadvantages, even if it does not impair vested right); and Alston v. Robinson, 791 F.Supp. 569 (D. Md. 1992)(stating that laws affecting parole are within the ambit of ex post facto clause). Because frequent rehearings that provided both the opportunity to obtain parole and the opportunity to reduce point scores that decided parole were discretionary/more frequent under the 1987-1998 guidelines while under the 2000 "total guideline ranges" these opportunities were reduced and Petitioner was subject to a 60 month rehearing date rather than an 18 to 24 month or 12 to 18 month rehearing (e.g. opportunity to more score reduced/opportunity to obtain parole) it is clear that the Ex Post Facto Clause applies to the Commissions' actions suspending such opportunities. To make out violations of Ex Post Facto Clause two elements must be provided:

    (1) The law must be retrospective; and,

    (2) It must disadvantage offender affected by it.

See Crowell v. United States Parole Comm., (1984 CA 3 Pa) 724 F.2d 1406. Thus, contrary to Respondents many averments, a denial of habeas corpus petition in the case at bar should only be affirmed if Petitioner cannot, as matter of law, establish detrimental impact of the 2000 "total guideline ranges." Crowell v. U.S. Parole Comm., 724 F.2d 1406 (1984 CA 3 PA). Petitioner encourages the court to consider, Woodmanse v. Miller, (1985 ED Pa) 619 F. Supp. 28 (where guidelines in effect at time of Petitioner's new offense were properly applied); Cole v. Harrison, 271 F.Supp. 2d 51 (D.D.C. 2002)(where Commissions' denial of parole did not violate Ex Post Facto Clause where prisoner were considered for parole by Commission under same guidelines that were in effect

when he commited his crime); and U.S. v. Ferri, (1981 CA 3 Pa)
652 F.2d 325 (acknowledging that changes in parole guidelines
could, if mechanically or woodenly applied, result in an ex post
facto deprivation).

B

The remaining allegations by Respondent that, "the 2000
guidelines were designed and intended precisely to create a total
range of months that would mimic the number of months the prisoner
would have served under the 1998 guidelines" is misleading. Specifically,
the 1998 total point score guidelines start with a base point
score range thats arrived at by scoring from categories 1 through
3 ( salient factor score; type of risk; and level of violence).
In respect to Petitioner, his score in those three categories were
3, 3, and 3, which gave Petitioner a base point score of 9. Next,
categories 4 through 5 (negative institutional behavior and program
achievement) were scored. Petitioner received 1 point in category
4 and 0 points in category 5. Next, the points from categories
1 through 5 are all totalled (including any subtractions) to
form the total point score. Petitioner's total point score (total
of categories 1 through 5) equaled 9, giving Petitioner a 1998
total point score of 9. Next under the 1998 guidelines the base
point score which is decided by the points scored in categories
1 through 4 (excluding additions and any subtractions achieved
in category 5) must be decided. Petitioner had a base point score
of 9 placing him in a 22 to 28 month rehearing guideline range
under the 1998 guidelines. However, because the totals of categories
1 through 5 equaled 9 points, Petitioner's 1998 total point score

(e.g. guidelines to be satisfied) were 110 to 140 months. By the time of Petitioner's August 2000 initial hearing he had already served approximately 72 months prior to becoming eligible for parole. The completion of 72 months would leave a total of 38 months to be served before reaching the minimum total point score guideline range of 110 months with a total of 68 months to be served if Petitioner was required by the Commission to serve his total point score guideline range. After serving the 28 months to rehearing Petitioner would have served approximately 104 months of his 110 to 140 month total point score guideline range meaning that had Petitioner been continued under the 1998 guidelines he would have (at most) been exposed to a 36 month set-off at the March 2003 rehearing rather than the 60 month set-off (rehearing date) that he was given at the March 2003 rehearing. The 36 month set-off would complete the 140 month total point score guideline range but the base point score (e.g. months to rehearing under the 1998 guidelines) would have provided Petitioner with an advanced opportunity to obtain parole at a rehearing under the months to rehearing guideline ranges at somewhere between 18 to 24 months or less depending upon whether or not Petitioner could work his total point score down through good behavior and programming. Thus, it is clear that under the 1998 guidelines frequency of parole consideration, the opportunity to obtain parole, and the standards for granting parole were advantageous to Petitioner.[5] Under the 2000 amended "**total guideline range**" applied at the

---

5.    See attached Notice of Action from Petitioner's initial parole hearing under the 1998 total point score system indicating the re-hearing guidelines ranges frequency of rehearing and factors that permit rehearing advances.

March 2003 rehearing Petitioner's rehearing guideline range without departing upward was 60 months to serve before rehearing. Thus, the amended 2000 "total guideline range" dictate longer periods of incarceration, and when applied retrospectively "as is the case here" they violate the Ex Post Facto Clause.

C

Finally, Respondent implies that Petitioner must show that he would have been released on parole under the prior 1998 guidelines to be successful here. They further imply that the Commission's discretion to depart from the guideline ranges under the 2000 system is the same as that exercised by the District of Columbia Board of Parole under the initally applied 1987-1998 guidelines. Contrary to this reasoning the facts of this case shows that there were no departures applied at either hearing under the different guideline systems and yet the re-hearing ranges differ greatly which concedes the argument that there are elements within the revised 2000 system that must be applied in a non-discretionary manner which are materially harsher than the 1987-1998 system. Under the 1987-1998 system the only way Petitioner could have received a rehearing date at 60 months from the last hearing date would have been if a departure from the rehearing ranges was warranted based on some type of negative behavior. On the other hand, under the 2000 system "total guideline range" 60 months to rehearing is the normal range for Petitioner without a departure from the ranges. Thus, the materially harsher difference is evident. See attached both Notice of Actions from the inital

(11)

hearing and March 2003 rehearing stating "a decision outside the **rehearing guidelines** is not warranted" and "a decision outside the total guideline range at this consideration is not found warranted." Lastly, Petitioner need not demonstrate that he would have been released on parole had he been continued under the 1987-1998 "total point score guidelines." In order to make out his claim Petitioner need only show two elements:

    (1) That the 2000 "total guideline range system" is retro-spective; and,

    (2) That it disadvantaged Petitioner.

See Crowell v. United States Parole Comm., 724 F.2d 1406 (1984 CA 3 Pa.). Petitioner submits, these elements coupled with the fact that parole statutes that reduce the frequency of parole consideration, change the standard for granting parole, reduce the opportunity to obtain parole, or dictate longer periods of incarceration if applied retroactively to offenses committed before the change in law, violate the Ex Post Facto Clause. Weaver v. Graham, 450 U.S. at 29-30; Fleming v. Oregon Bd. of Parole, 998 F.2d 721, 724-27 (9th Cir. 1993); and Jones v. Murray, 962 F.2d at 310. The fact that the 2000 "total guideline range" added 75 months required to serve to parole eligibility too the initially used "1987-1998 total point score/base point score" guideline range, increasing the original guidelines of 110-to-140 months into a total guideline range of 185-to-217 retrospectively, also indicates that the changes complained of here are not merely procedural and therefore constitute an ex Post Facto Clause violation. See attached exhibit B (Notice of Action) indicating the addition

of 75-75 months to the 110-140 month base point score guideline range.

## CONCLUSION

It has been demonstrated here that the actions taken in connection with the retrospective application of the Commissions' 2000 total guideline range at Petitioner's March 27, 2003, reconsideration hearing are illegal and violate the Ex Post Facto Clause, U.S. Const., Art. I, Cl. 3, and §10, Cl. 1. Petitioner submits, this court should grant habeas corpus relief.

Date: December 29, 2005                  Respectfully submitted,

                                         Michael W. Hill, pro se
                                         Fed. Reg. No. 40428-133
                                         FCI Gilmer, P.O. Box 6000
                                         Glenville, WV. 26351

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within **Traverse**, by mail via prison mail box, upon the following:

                Ms. Christy Wiegand
            U.S. Courthouse & Post Office
             700 Grant Street, Suite 4000
               Pittsburgh, PA. 15219

Date: December 29, 2005

                                         Michael W. Hill

(13)

EXHIBIT A

The 1998 Total Point Score/Base Point
Score System Notice of Action Issued
as a Result of Petitioner's August 9,2000
initial hearing.


PLEASE SEE
Highlighted
Portion

**U.S. Department of Justice**                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name: HILL, Michael                          Institution: D.C.-Maximum Security Facility

Register Number: 00178+056              DCDC No.: 178-056

---

In the case of the above-named, the following parole action was ordered:

Deny parole. Continue for a rehearing in April 2003, after the service of 28 months from your parole eligibility date of December 22, 2000.

**REASONS**:

Base Point Score:  9
Total Point Score: 8

Under the guidelines for D.C. Code offenders at initial hearings, your Total Point Score includes a deduction of 1 point for ordinary program achievement.

The guidelines for adult offenders at initial hearings indicate that parole should not be granted at this time.  After consideration of all factors and information presented, a departure from the guidelines at this consideration is not warranted.

With your Base Point Score of 9, the rehearing guidelines indicate that you should be scheduled for a rehearing within 22-28 months from your parole eligibility date.  After consideration of all factors and information presented, a departure from the rehearing guidelines at this consideration is not warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

See the attached sheet for your individual item points and explanations of the Salient Factor Score, Base Point Score and Total Point Score. The tables at the bottom of the sheet present the parole and rehearing guidelines.

Date: September 25, 2000                          Clerk: OMG

| Your Pts | SFS-98 Item Explanations | SALIENT FACTOR SCORE (SFS-98) |
|---|---|---|

**Your Pts    SFS-98 Item Explanations        SALIENT FACTOR SCORE (SFS-98)**

0. . . . . A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0. . . . . B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

1. . . . . C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0. . . . . D - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0. . . . . E - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0. . . . . F - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

1. . . . . **Salient Factor Score (SFS-98)** (sum of points for A-F above)

**Your Pts    Total Point Score Item Explanations        TOTAL POINT SCORE**

+3. . . . I - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

+3. . . . II - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

+3. . . . III - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

9. . . . **Base Point Score** (sum I-III above)

+0. . . . IV - Negative Institutional Behavior
Negative institutional behavior involving: (1) assault upon a correctional staff member with bodily harm inflicted or threatened; (2) possession of a deadly weapon, (3) setting a fire so as to risk human life, (4) introduction of drugs for purposes of distribution, or (5) participating in a violent demonstration or riot = +2; Other negative institutional behavior = +1

-1. . . . V - Program Achievement
Ordinary program achievement = -1; Superior program achievement = -2

8. . . . **Total Point Score** (sum of Base Point Score and points for IV and V above)

| Adult Parole Supervision Guidelines | | | Rehearing Guidelines | | Points For SFS Item C | | | |
|---|---|---|---|---|---|---|---|---|
| Total Point Score | Initial Hearing | Rehearing | Base Point Score | Months to Rehearing | Age | Prior Commitments | | |
| | | | | | | 0-3 | 4 | 5+ |
| 0 | Grant Parole Low Supv | Parole With Highest Level of Supervision | 0-4 | 12-18 | 26 & Up | 3 | 2 | 1 |
| 1 | Grant Parole High Supv | | 5-8 | 18-24 | 22-25 | 2 | 1 | 0 |
| 2 | Grant Parole Highest Supv | | 9 | 22-28 | 20-21 | 1 | 0 | 0 |
| 3 | Deny Parole | | 10 | 26-32 | 0-19 | 0 | 0 | 0 |
| 4+ | | Deny Parole | | | | | | |

**Date: September 25, 2000**

**Clerk: OMG**

**Page 2 of 2**

**HILL.178**

EXHIBIT B

The 2000 Total Guideline Range System Notice
of Action Issued as a Result of Petitioner's
March 27, 2003, rehearing.

PLEASE SEE
Highlighted
Portion

04/21/03 22:30:02     U.S PAROLE->     814 363 6021  RightFAX     Page 001

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

ℬ

| | |
|---|---|
| Name:  HILL, Michael | Institution:  McKean FCI |
| Register Number:  40428-133 | |
| DCDC No:  178-056 | Date:     April 21, 2003 |

In the case of the above-named, the following parole action was ordered:

## Combined Dispositional Revocation/Initial Hearing:

Revoke parole. None of the time spent on parole shall be credited. The unexpired portion of the original DC Code sentence in Case #F-2144-86-K (2,529 days) shall commence upon your release from the new 21-year sentence.

Deny parole in Case #F-8049-94 (H). Continue to a Reconsideration Hearing in March 2008, after the service of 60 months from your hearing date of March 27, 2003.

**REASONS**:

Your Total Guideline Range is 185-217 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 92 months as of April 18, 2003.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C.  20001

HILL  40428-133                          -1-                     Clerk:   VAH

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**  **Salient Factor Score (SFS-98) Item Explanations**

0    **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0    **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

1    **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0    **D** - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0    **E** - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0    **F** - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

1    **Salient Factor Score (SFS-98)** (sum of points for A-F above)

## BASE POINT SCORE

**Your Pts**  **Base Point Score Category Explanations**

3    **I** - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

3    **II** - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

3    **III** - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

9    **Base Point Score** (sum I-III above)

04/21/03 22:31:45    U.S PAROLE->    814 363 6021    RightFAX    Page 003

## DISCIPLINARY GUIDELINES

You have 1 non-drug related infraction(s) [0-2 months each], which requires 0-2 months to be added to your base point score guideline range.

You have an aggregate disciplinary guideline range of 0-2 months, which is to be added to your base point score guideline range.

### SUPERIOR PROGRAM ACHIEVEMENT AWARD

**Not Applicable**

### TOTAL GUIDELINE RANGE

| | |
|---|---|
| 110- 140 | Base Point Score Guideline Range |
| 75 --- 75 | Months Required to Serve to Parole Eligibility Date |
| 0 --- 2 | Disciplinary Guideline Range |
| less  0 --- 0 | Superior Program Achievement Award (if applicable) |
| **185- 217** | **Total Guideline Range** |

| Base Point Score Guideline Range | | Points For SFS Item C | | | |
|---|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments | | |
| | | | 0-3 | 4 | 5+ |
| 3 or less | 0 months | 26 & Up | 3 | 2 | 1 |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | | |

HILL 40428-133

Clerk:  VAH