```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

MICHAEL W. HILL,                )
                                )   Civil Action No. 03-160E
           Petitioner,          )
                                )   JUDGE SEAN McLAUGHLIN
           v.                   )   MAGISTRATE JUDGE LENIHAN
                                )
JOHN LAMANNA, Warden,           )
                                )
           Respondent.          )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by a federal prisoner be denied.

**II.  REPORT**

This is a petition filed pursuant to 28 U.S.C. §2241 by a federal prisoner who alleges that the United States Parole Commission acted improperly in denying him parole, and in setting a new rehearing date, following a hearing held on March 27, 2003. The Court has already addressed and rejected petitioner's claims that: (1) that 75 months of time he had already served was improperly "double counted" in arriving at his guideline range; (2) reconsideration was illegally set for 5 years, when it should have been set for no more than 3 years from the date of the parole decision; (3) the Commission incorrectly determined that petitioner had spent only 92 months, rather than 104 months, in confinement; (4) the Commission considered a disciplinary violation which petitioner was ultimately found not to have committed, and that

this resulted in an inaccurate guideline calculation; and (5) the Hearing Examiner failed to discuss with him his offense behavior. The Report and Recommendation initially filed in this matter on July 30, 2004 (Docket #21) was adopted by the Court on September 2. 2004 (Docket #25). The Court of Appeals affirmed on all of the issues addressed, but remanded for consideration of petitioner's claim that "the Commission's retroactive application of the 2001 amendments to 28 C.F.R. §2.80 violated the *ex post facto* clause." (Docket #33 at 3).

On remand, respondent was directed to, and did, file an additional response on December 15, 2005 (Docket #38). Petitioner filed a traverse on January 6, 2006 (Docket #39). The issue remanded is now ripe for disposition.

### A.   **Procedural history.**

Petitioner Hill was sentenced in the District of Columbia Superior Court to 4 to 12 years for possession with intent to distribute heroin on July 2, 1987. He was paroled by the District of Columbia Board of Parole on September 28, 1992. The Board issued a detainer against Hill on October 4, 1994, on the basis of new criminal charges. Hill was thereafter convicted of manslaughter in the D.C. court, and was sentenced on September 13, 1995 to 7 to 21 years imprisonment.

Petitioner's custody (and the custody of all convicted D.C. felons) was transferred to the United States Parole Commission

(USPC or Commission) on August 5, 1998, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1). The Commission held an initial hearing with respect to Hill's manslaughter sentence on August 8, 2000, after which it denied parole and ordered a rehearing in April, 2003 (Docket #10, Exhibit 7).

The hearing which is the subject of this petition was a "combined" hearing held on March 27, 2003. The hearing combined a revocation hearing on the 1987 sentence with a parole hearing for the 1995 sentence. Parole on the 1987 sentence was revoked on the basis that Hill committed crimes during his parole (i.e., on the basis of the 1995 conviction for manslaughter which was committed during his parole from the 1987 sentence). Further, parole was denied with respect to the 1995 sentence. The reasons for each of these actions are set forth in the Notice of Action dated April 21, 2003, which reads in relevant part:

> Revoke parole. None of the time spent on parole shall be credited. The unexpired portion of the original DC Code sentence in Case #F-2144-86-K (2,529 days) shall commence upon your release from the new 21-year sentence.
>
> Deny parole in Case #F-8049-94(H). Continue to a Reconsideration Hearing in March, 2008 after the service of 60 months from your hearing date of March 27, 2003.

**REASONS**:
> Your Total Guideline Range is 185-217 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score;

> Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).
>
> You have been in confinement as a result of your current offense behavior for a total of 92 months as of April 18, 2003.
>
> After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

(Docket #10, Exhibit 12). An amended Notice of Action was issued on December 3, 2003, which included findings of fact supporting the decision to revoke parole on Hill's 1987 sentence ( Id., Exhibit 13).

The Commission's decision was accomplished utilizing parole guidelines for D.C. offenders (28 C.F.R. §2.80) as amended in 2000.

### B. Applicable legal standard.

The *ex post facto* clause of the constitution prohibits "laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." California Department of Corrections v. Morales, 514 U.S. 499, 504 (1995). The Supreme Court has held that, in some situations, retroactive changes in laws which govern parole may violate the proscription against *ex post facto* enactments. Garner v. Jones, 529 U.S. 244, 249 (2000). A preliminary inquiry, therefore, is whether amendments to parole guidelines are "laws" for purposes of the *ex post facto* clause. Every Circuit Court of Appeals which has addressed the issue has

found that the Federal Parole Guidelines are not "laws" for purposes of the *ex post facto* clause. See, e.g., McKissick v. U.S. Parole Commission, 295 F.Supp.2d 643, 648 (S.D.W.Va. 2003)(collecting cases).  For our purposes, however, Third Circuit precedent dictates that parole guidelines are laws for purposes of *ex post facto* analysis only when they are applied without "substantial flexibility." United States ex rel. Forman v. McCall, 709 F.2d 852, (3d Cir.1983)(Forman I).  "Substantial flexibility" is shown where the Parole Commission departs (either above or below) from the applicable guidelines in 25% of the cases before it. United States ex rel. Forman v. McCall, 776 F.2d 1156, 1163 (3d Cir.1985)(Forman II), cert. denied, Forman v. Baer, 476 U.S. 1119 (1986).  The Forman II court declined to set any minimum amount of departures from the guideline ranges which would necessarily satisfy the "substantial flexibility" standard.  Thus, if the court is to determine if a "law" exists as to which the *ex post facto* proscription applies, it will often be necessary to engage in the complex analysis set forth in Forman to determine if substantial flexibility has been exercised by the Commission since the adoption of the challenged guidelines.

   Next, even where a parole regulation is determined to be a "law" for *ex post facto* purposes, there is still a requirement that the "enactment" actually increase punishment retroactively. Since parole boards do not increase the actual sentence, but instead only act to mete out clemency (or not) with respect to a

sentence already imposed, the focus of the inquiry is whether the challenged parole regulation creates "a significant risk of increased punishment" for the petitioner when compared to action taken under the parole guidelines in effect when the petitioner was first sentenced. <u>Garner</u>, 529 U.S. at 257.  In making this determination, there will be times when the very nature of the enactment or rule will inform the court concerning the existence of a "significant risk" of increased punishment, i.e., a complete refusal to consider certain prisoners for parole at all.  However, "[w]hen the rule does not by its own terms show a significant risk, the [prisoner] must demonstrate, by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." <u>Id</u>., 529 U.S. at 255.  Thus, Hill's burden in this case is to establish both that the new parole regulations applied to him are "laws," and that application of those regulations has exposed him to a "significant risk" of increased punishment.

Of course, "[w]hether retroactive application of a particular change in parole law respects the prohibition on *ex post facto* legislation is often a question of particular difficulty when the discretion vested in a parole board is taken into account." 529 U.S. at 250.  Thus, a change in parole law which changes the frequency of parole hearings creates "only the most speculative and

attenuated" risk of increased punishment. Morales, supra, 514 U.S. at 509.

    **C.    Petitioner's Ex Post Facto claim.**

        Petitioner asserts that he may have obtained a different result at his parole hearing had earlier guidelines been applied. Petitioner's custody, as well as the custody of all convicted D.C. felons, was transferred to the United States Parole Commission (USPC) on August 5, 1998, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1).  The Commission, pursuant to authority granted under the Act, has amended the guidelines applicable to D.C. offenders since that time.  Hill argues that he is entitled to application of the parole guidelines extant when he first came under the Board's jurisdiction (or to the earlier version of the Commission's guidelines).  This argument has been rejected by other courts. Simmons v. Shearin, 295 F.Supp. 599, 603-604 (D.Md. 2003) (citing cases):

> The D.C. Parole Board's scoring system created by the 1987 [USPC] guidelines simply formalized the method by which it exercised its considerable discretion to grant parole. Davis v. Henderson, 652 A.2d 634, 634 (D.D.C. 1995).  The USPC also exercises broad discretion, and several circuits accordingly have concluded that the USPC guidelines are not "laws" within the meaning of the *Ex Post Facto* Clause.

Id., at 603. Consistent with this analysis, another court has held that the Commission's guidelines for D.C. offenders are not "laws":

>Parole guidelines provide guidance as to the exercise of agency discretion as opposed to proscriptive laws created by legislative branches of government that impose restrictions on agency authority.

Reynolds v. Williamson, 2005 WL 3050154 (M.D.Pa. November 14, 2005). However, neither the Simmons court nor the Reynolds court refer to Forman I or Forman II, and neither court engaged in an analysis consistent with binding Third Circuit precedent.

With respect to the "substantial flexibility" requirement set forth in Forman, the respondent has provided an affidavit from James L. Beck, Ph.D., the United States Parole Commission's Research Admininstrator. Dr. Beck reviewed the 98 cases from January 1, 2005, through October 27, 2005 in which a D.C. offender was released on parole utilizing the 2000 guidelines (Docket #38, Exhibit A). Excluded from this sample, in accordance with the Forman II court's analysis, were all cases in which "the Commission was precluded from exercising its usual latitude by reason of a maximum sentence shorter than the inmate's computed guideline range or a minimum sentence longer than the range" because those cases do not represent an actual exercise of discretion. Forman II, 776 F.2d at 1162). This leaves 52 relevant cases and, in 9 of those cases, the Commission departed from the guidelines (Docket #38, Exhibit A at ¶4). This yields a departure percentage of slightly more than 17%. On the record before the court, it appears that the guidelines for D.C. offenders, as amended in 2000, are applied with "substantial flexibility" so as to prevent a finding that the 2000

amendments are "laws" as contemplated by the Forman analysis. Hence, Hill's *ex post facto* claim must fail.

Further, even if the court found under Forman that the 2000 amendments to the guidelines may be considered "laws" for purposes of *ex post facto* analysis, Hill cannot establish that he has been exposed to a "significant risk" of increased incarceration. Here, Hill's complaint is not that the guidelines for setting an actual release date have been materially altered. Instead, he complains that the new guidelines changed his eligibility for a parole rehearing date. Hill argues that, under the old guidelines, he would have been entitled to a new rehearing (not to release on parole) 18 to 24 months after his March, 2003 hearing at which parole was denied. The 2000 guidelines, however, resulted in his next rehearing being scheduled 60 months later. Hill concedes that more frequent rehearings "would [offer] no guarantee that parole would be granted" (Docket #39 at 3).

This case is very similar to Supreme Court's decision in Morales which involved an *ex post facto* challenge premised upon the frequency with which parole rehearings are held. The Court rejected that claim, finding that the likelihood of actual prejudice was too speculative. Here, in order to find that Hill has met his burden of showing a "significant risk" of increased incarceration, the court would necessarily have to conclude that Hill would likely have been found eligible for release if he were granted more frequent parole hearings. This finding is impossible

in this case for two reasons.  First, the guideline ranges for release have not been altered by the amendment.  Second, the Commission, both before and after the amendment, possessed the same, unbounded discretion to grant or deny parole.  Thus, as the Morales Court aptly noted, "only the most speculative and attenuated" risk of increased punishment has been presented in this case.  Morales, supra, 514 U.S. at 509.  Hill has failed to establish that the change in the guidelines for D.C. offenders has created a "significant risk" of increased punishment in his specific case and, accordingly, his *ex post facto* challenge must fail.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this Petition for Writ of Habeas Corpus be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


Dated June 13, 2006                /s/Lisa Pupo Lenihan
                                   LISA PUPO LENIHAN
                                   UNITED STATES MAGISTRATE JUDGE

```
cc:   The Honorable Sean J. McLaughlin
      United States District Judge

      Michael W. Hill, Register No. 40428-133
      FCI Gilmer
      P.O. Box 6000
      Glenville, WV 26351

      Laura Schleich Irwin, Esquire
      Assistant United States Attorney
      401 U.S. Post Office & Courthouse
      Pittsburgh, PA 15219
```