IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF PENNSYLVANIA

MICHAEL W. HILL,           )
                           )
        Petitioner,        )
                           )
v.                         )   Civil Action No. 03-160E
                           )   Judge Sean McLaughlin
                           )   Magistrate Judge Lenihan
JOHN LAMANNA, WARDEN,      )
                           )
        Respondent.        )

### PETITIONER"S OBJECTIONS TO MAGISTRATE JUDGE LISA PUPO LENIHAN'S REPORT AND RECOMMENDATION

And now, comes Petitioner Michael W. Hill pursuant to 28 U.S.C. §636(b)(1)(B) and (C) and respectfully request that the court not adopt the report and recommendation to deny the Writ of Habeas Corpus upon consideration of the following objections.



FILED

2 2 2006

CLERK U. S. DISTRICT COURT
ST. DIST. OF PENNSYLVAN

## OBJECTIONS

1. The magistrate and all parties involved here admit that the Commission amended the parole guidelines applicable to D.C. offender's ("Petitioner") since the time of conviction, sentencing and the initial parole eligibility hearing. It is undisputed that the application of the 1987-1998 parole guidelines was more advantageous to Petitioner than retrospective application of the 2000 guidelines as evidenced by the fact that under the 1987-1998 guidelines Petitioner's months to rehearing would have been either 12-18 months, or 18-24 months providing frequent opportunities to obtain parole as opposed to guidelines of 185-217 months to serve with rehearing after service of 60 months. Therefore, contrary to the magistrate's report and recommendation Petitioner established the detrimental impact of the retrospective application of the 2000 amended guidelines. Such detrimental impact constitutes a violation of the ex post facto clause. Forman v. McCall, 709 F.2d 852 (3d Cir.) In order to make out a violation of the ex post facto clause, two elements must be proven. The law must be retrospective, that is, it must apply to events occurring before its enactment, and the law must disadvantage the offender affected by it. Crowell v. U.S. Parole Commission, 724 F.2d 1406 (3d Cir.); Weaver v. Graham, 450 U.S. 24, 29. Here, in the case at bar, there is no question that the new 2000 guidelines changed the general contours of the initially applied 1987-1998 parole statutes and to the degree

that a statute does so it has retrospective affect. <u>Lerner v. Gill</u>, 751 450, 454 (1st Cir.) Since the opportunity to be considered for parole release is an integral part of any sentence, official post-sentence [sic] action that delays or changes that opportunity for eligible release runs afoul of the ex post facto proscription. The magistrate agrees that parole eligibility is part of the law annexed to the crime at the time of Petitioner's offense and also agrees that new parole statutes may alter the consequences attached to a crime for which a pisoner already has been sentenced. However, the magistrate ignores the principle announced in <u>Warden v. Marrero</u>, 417 U.S. 653, 661-64, that parole eligibility is a facet of the sentence imposed, and that, by deferring Petitioner's eligibility date, under the retrospective application of the 2000 guidelines the Commission imposed on Petitioner after-the-fact punishment when denying a sentence benefit that he had both at sentencing and at his initial parole hearing.

    2. Secondly, Petitioner objects to the magistrate's willingness to disparge the substance of 60 months (5 years) versus 12-18 months or 18-24 months before rehearing. Petitioner submits, it is unreasonable to determine that he is not suffering a penalty when he was denied an opportunity to be considered for parole substantially earlier than 60 months. In addition, the repeal of parole reconsideration previously available to Petitioner under the 1987-1988 guidelines clearly presents a serious question

under the ex post facto clause of Art. I, §9, cl. 3, of whether the change imposed a greater or more severe punishment than was prescribed by law at the time of the offense and this has not been addressed by the magistrate. As is held in Geraghty, "the denial of any meaningful opportunity for parole by retrospective application of the Parole Commission's rule violates the ex post facto clause of the federal constitution.

3. Thirdly, the magistrate states, "third circuit precedent dictates that parole guidelines are laws for purposes of the ex post facto analysis only when they are applied without substantial flexibility." Contrary to this statement the magistrate is not foreclosed from considering an ex post facto violation that goes beyond or outside of whether parole guidelines are applied without substantial flexibility. The magistrate implies that the substantial flexibility standard is solely dispositive while on the other hand the magistrate indicates "Hill's burden in this case is to establish both that the new parole regulations applied to him are "laws" and that application of those regulations has exposed him to a "significant risk" of increased punishment." Third Circuit precedent dictates that parole guidelines are laws for purposes of ex post facto analysis and Petitioner has clearly demoonstrated the detrimental impact of the 2000 guideline amendment which is ignored by the magistrate.

4. The magistrate states, "a change in parole laws which changes the frequency of parole hearings creates only the speculative and attenuated risk of increased punishment." Contrary to

-4-

the principle underlying Petitioner's claim is that the retrospective application of the 2000 parole statute modify the length of time served before a parole reconsideration hearing is held, decreased the frequency of parole rehearings and provided lessor opportunity to make parole early prior to mandatory parole release date substantially after the consequences attached to a crime already completed, and therefore changed the quantum of punishment and the contours of the parole statute. Petitioner submits, the opportunity to obtain parole early is an integral part of the sentence, thus, the retrospective application of a law which mandates a change in frequency and opportunity to obtain parole is ex post facto.

## CONCLUSION

For the foregoing reasons, it is respectfully requested, that this court not adopt Magistrate Judge Lisa Pupo Lenihan's report and recommendation to deny the Petition for Writ of Habeas Corpus.

Respectfully submitted,

Michael W. Hill
Fed. Reg. No. 40428-133
FCI Gilmer, P.O. Box 6000
Glenville, WV. 26351

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the within objections, by mail via main prison mail box, upon the following:

> Ms. Laura Schleich Irwin
> Assistant United States Attorney
> 401 U.S. Post Ofice & Courthouse
> Pittsburgh, PA. 15219

Date: June 19, 2006

*Michael W. Hill*
Michael W. Hill, pro se
Petitioner